THE CLEVELAND RAILWAY CO. *v.* WIESENBERGER.

*Assault and battery—Interurban conductor assaults prospective passenger—Evidence—Proof of malice—Admissibility of resolution of city council—Relieving inbound cars from accepting city passengers—Punitive or exemplary damages—Liability of corporation for agent's acts.*

1. It is error for the trial court to take from the jury a resolution of city council providing that interurban cars are not compelled to stop inside the city limits to take on incoming passengers, which was introduced in evidence and not objected to by either party, in an action for malicious assault of the conductor of an incoming interurban car upon one who attempted to board the car within the city limits, especially where the charge of the court deals with the question of malice and punitive damages.

2. A corporation cannot be held liable for punitive or exemplary damages for a wilful assault committed by one of its servants within the scope of his authority, unless it is alleged and proved that the corporation through its ruling officers participated in, or acquiesced in, or ratified such wilful act of its agent, or that such agent was known or ought to have been known to the corporation to be an unfit person and likely to commit acts of such a character.

(Decided January 6, 1922.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Squire, Sanders & Dempsey,* for plaintiff in error.

*Messrs. Payer, Winch, Minshall & Karch,* for defendant in error.

Vickery, P. J. This cause comes into this court on a petition in error to the common pleas court of Cuyahoga county.

In the court below, Lawrence Wiesenberger brought suit against The Cleveland Railway Company for damages for an assault committed upon him by the conductor of a certain interurban car being operated by The Cleveland Railway Company within the city of Cleveland, and recovered in the action a verdict of $1,500. A motion for new trial was made, which was overruled and judgment entered upon the verdict, and it is to reverse the judgment that this error is prosecuted here.

In the trial of the case the defendant railway company introduced a resolution of the city council, which in effect, as we conceive the purpose to be, provided that interurban cars are not compelled to stop inside the city limits to pick up incoming passengers, the purpose being apparently to have the interurban cars devoted to interurban traffic, uninterrupted by the stopping of the cars at the regular city stops to pick up passengers, but compelled, of course, to stop at any regular stop within the city of Cleveland to let off interurban passengers who became passengers outside of the city limits.

At the time the alleged assault took place it seems that the conductor in charge of the car stopped his car at a regular stop in the city of Cleveland to let off one of the interurban passengers, whereupon the plaintiff below attempted to board the car, and a conversation took place which led to an assault by the conductor upon him, and to certain injuries which are claimed to have resulted from the assault.

After the court had admitted this resolution, of his own motion, it not having been objected to by counsel for the plaintiff, he took the ordinance from the jury and directed the jury that they should not pay any attention to this ordinance; thus ruling it out entirely and taking it from the deliberation of the jury. The court's action in this respect is alleged to be one of the grounds of error for reversal.

In view of the attitude that the court subsequently took toward this case in his charge, which we will come to a moment later, this, we think, was error, for the reason that it would bear upon the question of malice of the conductor. If the conductor, acting in good faith, believed that his duty was to pick up no passengers at stops within the city, that is, ingoing passengers, and he refused to let the plaintiff on, he would be acting within what he conceived to be the scope of his duties, and that surely would bear upon the question of malice. Whether it would excuse the company entirely is a matter of no importance, inasmuch as the petition was founded upon a malicious assault made upon the plaintiff, and the ordinance would bear upon the question of the malice of the conductor, and, therefore, we think it was error of the court to exclude this resolution or ordinance from the consideration of the jury.

But there is a far more serious error in this lawsuit, although it wasn't touched upon in the briefs of either plaintiff in error or defendant in error.

One of the special requests that the plaintiff asked to have charged before argument, his first request, was as follows:

"If you find that the conductor in charge of the street car of this defendant company maliciously beat this plaintiff, in addition to damages sufficient

to compensate this plaintiff for injuries which he may have sustained, you gentlemen may also return against this company damages known in the law as punitive damages.''

Likewise the court gave the second request to charge on behalf of the plaintiff, before argument, as follows:

''Punitive damages are damages rendered against a defendant because of the malicious character of the act of the defendant or his agent, as complained of. These are assessed as a punishment against the defendant for the defendant's malicious misconduct.''

Now it will be remembered that this action was one against the railway company—a corporation—and the malicious conduct which would warrant the charge of punitive damages was the conduct of an employe—a subordinate agent of the defendant company—and the question at once arises whether a corporation is liable in punitive or exemplary damages for the malicious and wilful misconduct of one of its employes.

That it is liable for compensatory damages, if the employe be acting within the scope of his employment, although his action be wilful and malicious and made against the express orders of the defendant company, there can be no question, but can punitive damages be allowed under such circumstances?

In 19 Ohio St., 157, in the case of *Pittsburg, Ft. Wayne & Chicago Rd. Co.* v. *Slusser,* the syllabus is as follows:

''A corporation, by the malicious misconduct of its agents or servants acting within the scope of their employment, may render itself liable to exemplary or punitive damages; but this doctrine being

capable of great practical abuse, the giving it in charge to the jury in a case clearly not warranting its application, tends to mislead them; and where, in such a case, a verdict for damages is obviously exorbitant, it is error in the court to refuse to set it aside, and award a new trial.''

Now it will be noticed by this authority that a corporation may be rendered liable in punitive damages for the malicious misconduct of its employe.

In Case No. 129, Summit county, entitled *The Northern Ohio Traction Co.* v. *Hamlin,* this court rendered an opinion in 1915 to the effect that while a corporation would be liable in damages for the wilful and malicious acts done by one of its servants in the course of its business, yet it would not be liable for punitive damages for the wilful misconduct of its employe unless the corporation through its ruling officers participated in, or acquiesced in, or ratified, the act of the agent, or knew he was of such a character that he would be liable to commit such acts, and the court in the above case quotes from an opinion in the case of *Stranahan Bros. Catering Co.* v. *Coit,* 55 Ohio St., 398, in which case, at page 414, Judge Spear gave utterance to the following language:

''Nor does the enforcement of the rule of damages hereinbefore indicated [*i. e.,* that the master is liable for the malicious acts done within the scope of his employment] involve punishment of one for the malicious act of another. If it were proposed to inflict punitive damages on the master where he is innocent of wrong intent, then that inequitable result would follow. But so long as compensation and compensation only, is the rule, the motive of the servant not entering into the case one way or the

other, the master is not held for the motive; he is held only for the act."

So our own court has heretofore held that while the corporation is liable for the malicious misconduct of its agent acting within the scope of his employment, it is only to the extent of compensatory damages; but the supreme court of the United States, in a very illuminating case, has, I think, settled the law upon this proposition.

In the case of *Lake Shore & Michigan Southern Ry. Co. v. Prentice,* 147 U. S., 101, the supreme court of the United States laid down this rule:

"A railroad corporation is not liable to exemplary or punitive damages for an illegal, wanton and oppressive arrest of a passenger by the conductor of one of its trains, which it has in no way authorized or ratified."

And in that case, which is the leading case upon the subject in the United States, which case, let me say by way of parenthesis, also passed through the supreme court of Illinois, they gathered together a great many authorities upon this subject, and, on page 117, the court, in closing, uses this language:

"In the case at bar, the plaintiff does not appear to have contended at the trial, or to have introduced any evidence tending to show, that the conductor was known to the defendant to be an unsuitable person in any respect, or that the defendant in any way participated in, approved or ratified his treatment of the plaintiff; nor did the instructions given to the jury require them to be satisfied of any such fact before awarding punitive damages. But the only fact which they were required to find, in order to support a claim for punitive damages against the corporation, was that the conductor's illegal conduct

was wanton and oppressive. For this error, as we cannot know how much of the verdict was intended by the jury as a compensation for the plaintiff's injury, and how much by way of punishing the corporation for an intent in which it had no part, the *Judgment must be reversed, and the case remanded.*"

In the course of his opinion in that case, the writer, Mr. Justice Grey, cited practically all the cases, starting with the English cases, upon the proposition, and the conclusion that is arrived at from a reading of these cases, and from the case under discussion, is that while a corporation may be liable in punitive damages for the wilful misconduct of one of its agents it is only upon the theory that the agent was known to the corporation, or ought to have been known to the corporation, to be an unfit person and a person likely to commit outrages of this character, or that the corporation actively participated in or ratified the wilful misconduct of its agent, but in the event that that is not shown by the record it is not liable in punitive damages.

It will be noted from the quotation last made from the United States supreme court case, that, in order to warrant punitive damages against the corporation, it must be alleged in the petition and proved by the evidence that the agent was an improper party and that the corporation had knowledge of his propensities to commit illegal acts, and retained him after it had this knowledge, yet in the case at bar there is no allegation in the petition that he is an unfit man, nor is there a particle of evidence in the record that he was an unfit man, or that plaintiff had knowledge that he was an unfit man, or any

evidence of any unfitness before this occurrence took place, the record being entirely silent upon that proposition.

In the *147 U. S. case, supra,* the court says, page 106:

"This question, like others affecting the liability of a railroad corporation as a common carrier of goods or passengers—such as its right to contract for exemption from responsibility for its own negligence, or its liability beyond its own line, or its liability to one of its servants for the act of another person in its employment—is a question, not of local law, but of general jurisprudence, upon which this court, in the absence of express statute regulating the subject, will exercise its own judgment, uncontrolled by the decisions of the courts of the several states."

But we think that a review of the authorities will show that most of the states adopt the same rule.

In 5 Fletcher's Cyclopedia of the Law of Corporations, Section 3354, in commenting upon the case in 147 U. S., *supra,* appears the following:

"Adopting the view that exemplary damages are awarded, not by way of compensation to the sufferer, but by way of punishment of the wrongdoer, and as an example or warning to others, and that they can only be awarded against one who has participated in the offense, a principal, although he is liable to make compensation for injuries done or inflicted by his agent within the scope of his employment, cannot be held liable for exemplary or punitive damages merely by reason of wanton, oppressive or malicious intent upon the part of the agent, but in order that the principal may be liable, there must have been some participation by him in the commission of the

tort. Applying this doctrine to corporations, it has been held that where the managing officers or officer of a corporation, as the directors, the president or vice president, etc., commit a tort themselves, while acting for the corporation and within the scope of their authority, with wantonness, oppressiveness or malice, or if they authorize or ratify such a tort by a subordinate agent, or if they employ or retain a subordinate agent or servant, knowing that he is incompetent or unfit, and he commits such a tort because of his incompetency or unfitness, in either case the malice, wantonness or oppression is imputable to the corporation, and exemplary damages may be given against it.''

From these authorities, and many more that we might cite, we hold that the common pleas court, in giving the requests referred to, asked by the plaintiff, committed error which was necessarily prejudicial, and for that reason the case is reversed and remanded to that court for a new trial.

*Judgment reversed, and cause remanded.*

SULLIVAN and INGERSOLL, JJ., concur.